1
2   RUSSELL G. PETTI, State Bar No. 137160
    THE LAW OFFICES OF RUSSELL G. PETTI
3   466 Foothill Blvd., # 389
    La Canada, California 91011
4   818 952-2168Telephone
    818 952-2186 Facsimile
5   Email:  Rpetti@petti-legal.com

6   Attorneys for Plaintiff Gabriela Jaworski

7

8

9                   UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11
    GABRIELA JAWORSKI,              )   CASE NO: CV 14-832
12                                  )
                                    )   COMPLAINT FOR:
13          Plaintiff,              )
                                    )   BREACH OF THE EMPLOYEE
14      VS.                         )   RETIREMENT INCOME
                                    )   SECURITY ACT OF 1974;
15  STANDARD INSURANCE             )   DECLARATORY RELIEF;
    COMPANY,                        )   PREJUDGMENT AND
16                                  )   POSTJUDGMENT INTEREST;
            Defendant.              )   AND ATTORNEYS FEES AND
17                                  )   COSTS
                                    )
18  _____)

19

20          Plaintiff Gabriela Jaworski herein sets forth the allegations of her Complaint

21  against Defendant Standard Insurance Company (hereinafter "STANDARD" or

22  "Defendant").

23                      **PRELIMINARY ALLEGATIONS**

24          1.      "Jurisdiction" - This action is brought under 29 U.S.C. sections 1132(a), (e),

25  (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter

26  "ERISA") as it involves a claim by Plaintiff for employee benefits under employee

27  benefit plans regulated and governed under ERISA. Jurisdiction is predicated under these

28  code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This

                                          1

action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan, to clarify and enforce Plaintiff's past, present and future rights to benefits under the employee benefit plan named herein as defendant, and to obtain other equitable relief, including but not limited to, a declaration that Plaintiff is disabled and qualifies for payment of benefits. This action also seeks prejudgement and postjudgment interest, as well as attorneys fees and costs.

2.     Plaintiff was, at all times relevant, an employee of Risk Enterprise Management Limited ("REM") and a resident of Chino Hills, California.

3.     REM created a long term disability ("LTD") plan so as to provide LTD coverage to its employees. REM funded this Plan, hereinafter referred to as the REM LTD Plan, through a policy of insurance issued by Standard. As such, Standard is the entity responsible for paying LTD benefits which are due under the REM LTD Plan. Similarly, Standard acts as the REM LTD Plan's fiduciary, and makes all decision whether an employee is entitled to LTD benefits under the REM LTD Plan.

4.     As an employee of REM, Plaintiff is and was a participant in the REM LTD Plan, and Plaintiff is currently disabled pursuant to the terms of the REM LTD Plan. As such, pursuant to the terms and conditions of the REM LTD Plan, Plaintiff is entitled to LTD benefits for so long as Plaintiff remains totally disabled as defined by the terms of the REM LTD Plan.

5.     Plaintiff resides in this judicial district, and the claim arose in this judicial district. In addition, Standard can be found in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions).

### FIRST CAUSE OF ACTION AGAINST STANDARD FOR DENIAL OF PLAN BENEFITS

6.     At all times relevant, Plaintiff was employed by REM. During the course of Plaintiff's employment she became entitled to benefits under the terms and conditions of the REM LTD Plan. Specifically, while Plaintiff was covered under the REM LTD

2

1  Plan, Plaintiff suffered a disability rendering Plaintiff totally disabled as defined under
2  the terms of the REM LTD Plan.

3        7.    At all times herein mentioned, Plaintiff was a covered participant under the
4  terms and conditions of the REM LTD Plan.

5        8.    Pursuant to the terms of the REM LTD Plan, Plaintiff made a claim to
6  Standard for LTD benefits under the REM LTD Plan.  Plaintiff's claim for LTD benefits
7  was denied by Standard, in spite of the fact that Plaintiff had provided Standard with
8  evidence that she was disabled.

9        9.    Plaintiff appealed this denial and, despite overwhelming evidence of a
10  covered LTD claim, Standard upheld the denial.

11       10.    Defendant Standard wrongfully denied Plaintiff's claim, in the following
12  respects:

13       (a)    Failure to pay LTD benefit payments to Plaintiff at a time when
14  Standard knew, or should have known, that Plaintiff was entitled to those benefits under
15  the terms of the REM LTD Plan, as Plaintiff was disabled and unable to work and
16  therefore entitled to benefits.  Even though the Standard had such knowledge, Standard
17  denied Plaintiff's claim for continued LTD benefits;

18       (b)    Withholding LTD benefits from Plaintiff knowing Plaintiff's claim
19  was valid, for the reasons set forth in subparagraph (a) above;

20       (c)    Using a "sedentary" job description to determine whether Plaintiff was
21  disabled from her "own occupation," when, according to Plaintiff's and REM's job
22  description, she worked in a "light duty" occupation;

23       (d)    Failing to provide a prompt and reasonable explanation of the basis
24  relied on under the terms of the REM LTD Plan documents, in relation to the
25  applicable facts and REM LTD Plan provisions, for the denial of Plaintiff's claims for
26  LTD benefits;

27       (e)    Failing, after Plaintiff's claim was denied, to adequately describe to
28  Plaintiff any additional material or information necessary for Plaintiff to perfect her claim

1    along with an explanation of why such material is or was necessary;

2             (f)    Failing to decide Plaintiff's appeal within the time period allowed by

3    the applicable Department of Labor regulations; and

4             (g)    Failing to adequately investigate Plaintiff's claim.

5        11.   Plaintiff is informed and believes and thereon alleges that Standard

6    wrongfully denied her disability benefits under the REM LTD Plan by other acts or

7    omissions of which Plaintiff is presently unaware, but which may be discovered in this

8    future litigation and which Plaintiff will make Defendant aware of once Plaintiff

9    discovers said acts or omissions.

10       12.   Following the denial of Plaintiff's disability claim under the REM LTD Plan,

11   Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has

12   performed all duties and obligations on Plaintiff's part to be performed under the REM

13   LTD Plan.

14       13.   As a proximate result of the aforementioned wrongful conduct of Standard

15   Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time

16   of trial.

17       14.   As a further direct and proximate result of this improper determination

18   regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to

19   incur attorneys' costs and fees.  Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff is

20   entitled to have such fees and costs paid by Standard.

21
                    **SECOND CAUSE OF ACTION AGAINST STANDARD**
22                            **FOR DECLARATORY RELIEF**

23       15.   Plaintiff refers to and incorporates by reference paragraphs 1 through 14

24   as though fully set forth herein.

25       16.   A controversy now exists between Defendant on the one hand and

26   Plaintiff on the other as to whether Plaintiff is disabled under the terms of the REM

27   LTD Plan.  Plaintiff seeks a declaration by this Court that Plaintiff meets the REM

28   LTD Plan's definition of disability.  Plaintiff further seeks a declaration by this Court

                                              4

that, if in fact Plaintiff is found to have been and continued to remain disabled under the terms of the controlling Plan documents, all benefits provided under the Plan while a participant is disabled be reinstated retroactive to the date Plaintiff's disability benefits were denied.

**THIRD CAUSE OF ACTION AGAINST STANDARD FOR AN ORDER OVERTURNING THE DENIAL AND REMANDING FOR ADDITIONAL INVESTIGATION**

17.     Plaintiff refers to and incorporates by reference paragraphs 1 through 16 as though fully set forth herein.

18.     Standard's breach of its fiduciary obligations and its duty to investigate have led to a denial made on improper grounds and a Record that is incomplete. Specifically, Standard utilized a "sedentary" job description to determine whether Ms. Jaworski is disabled, when her actual occupation is "light duty."  Because of this, there is no determination in the Record as to the proper question before this Court, whether Ms. Jaworski is disabled from her actual occupation.

19.     As a result, to the extent that this Court does not find the Record adequate to award benefits to Ms. Jaworski, she respectfully requests that the Court issue an Order overturning the denial and remanding this matter back to the REM LTD Plan for a proper investigation, creation of a complete Record, and for a decision made on a legally proper basis.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1.     Payment of disability benefits due Plaintiff, including any and all prejudgment and postjudgment interest;

2.     For a declaration that Plaintiff is disabled under the terms of the REM LTD Plan and entitled to receive benefits while Plaintiff is, was and continues to remain disabled;

///

///

5

3. In the alternative, for an Order overturning the denial and remanding this matter to the REM LTD Plan for a determination complying with ERISA and the Plan;

4. Pursuant to 29 U.S.C. § 1132(g) for all costs and attorney fees incurred in pursuing this action;

5. For prejudgement and postjudgment interest as allowed for under ERISA; and

6. For such other and further relief as this Court deems just and proper.

DATED: April 27, 2014                    Law Offices of Russell G. Petti

                                  BY  *S/Russell G. Petti*
                                      RUSSELL G. PETTI
                                      ATTORNEY FOR PLAINTIFF
                                      GABRIELA JAWORSKI

**COMPLAINT FOR ERISA BENEFITS; Case No. CV 14-832**